Dear Mr. Toan:
This opinion is in response to your question:
 Is it a violation of the Nursing Practices Act for a certified medication technician who is not licensed as a professional or practical nurse to provide care, with periodic monitoring by a licensed nurse, to persons in an Adult Day Health Care Program, as specified at 13 CSR 40-81.126?
 13 CSR 15-11.010(17) defines the phrase "Certified Medication Technician" as follows:
 A certified medication technician shall mean a nursing assistant who has completed a course in medication administration approved by the Division of Aging.
Under Section 198.082.1, RSMo Supp. 1983, anyone who is hired to work as a nursing assistant in a skilled nursing or intermediate care facility must complete a nursing assistant training program approved by the Department of Social Services. Section 198.082.2, RSMo Supp. 1983, further defines "nursing assistant" to include:
 [A]n employee, including a nurse's aide or an orderly, who is assigned by a skilled nursing or intermediate care facility to provide or assist in the provision of direct resident health care services under the supervision of a nurse licensed under the nursing practice law, chapter 335, RSMo. . . .
The first question which must be answered is whether the care which a certified medication technician would provide under13 CSR 40-81.126 falls within the scope of practical or professional nursing as defined by Sections 335.016(7) and (8), RSMo 1978. Therefore, it is necessary to examine the types of acts which 13 CSR 40-81.126 would authorize a certified medication technician to perform. The types of care are described as follows beginning at (3)(H).8 thereof:
 8. Observation. The health, functional and psycho-social status of each recipient shall be observed and documented by the licensed nurse and/or certified medication technician in the recipient's record at least monthly. In the case of the certified medication technician the licensed consultant nurse must review and summarize, at least monthly, the notes on each recipient's health status. Therapy services provided must be summarized in the recipient record and progress noted at least monthly. Notes shall be made immediately of any accident, injury or illness and emergency procedures taken;
 9. Medical consultation and treatment. The licensed nurse, certified medication technician and/or nurse consultant shall communicate with each recipient's physician to report observed changes in health status, including reaction to medicine and treatment, and to obtain current medical recommendations regarding such items as diet, treatment and medications. Ordered medical services shall be recorded, signed and dated by the physician;
* * *
 10. Nursing services. A licensed nurse or certified medication technician with a nurse consultant shall be available at all times during the program's daily operating hours. Nursing services must be provided in accordance with the particular needs of each recipient and must include the following:
 A. Supervision of the administration of medication as prescribed by the recipient's physician;
 B. Coordination of the development of the recipient care plan;
 C. On-going monitoring of each recipient's health status;
 D. Maintenance-therapy treatment as recommended by a therapist, and which has been prescribed by a physician; and
 E. Coordination among the recipient, his/her family, and program staff members of orders from the recipient's physician.
 13 CSR 40-81.126(3)(H)12. B and .C state:
 B. Medication may not be administered without a written order signed by a licensed physician. Injectable medications may only be given by a licensed nurse. A certified medication technician who has been trained by the licensed nurse may give insulin injections. Medications are to be distributed by the licensed nurse and/or certified medication technician. The licensed nurse and/or certified medication technician assigned the responsibility of medication distribution shall complete the procedure by personally preparing the dose, observing the act of swallowing oral medicines, and recording it in the recipient's record on a medication sheet;
 C. If a reaction to medications is observed by the licensed nurse and/or certified medication technician, the recipient's physician shall be called immediately. If contact cannot be made with the personal physician, emergency medical procedures shall be followed;
The scope of the practice of practical and professional nursing is defined in Sections 335.016(7) and (8), RSMo 1978, as follows:
 (7) "Practical nursing" is the performance for compensation of selected acts for the promotion of health and in the care of persons who are ill, injured, or experiencing alterations in normal health processes. Such performance requires substantial specialized skill, judgment and knowledge. All such nursing care shall be given under the direction of a person licensed in this state to prescribe medications and treatments or under the direction of a registered professional nurse;
 (8) "Professional nursing" is the performance for compensation of any act which requires substantial specialized education, judgment and skill based on knowledge and application of principles derived from the biological, physical, social and nursing sciences, including, but not limited to:
 (a) Responsibility for the teaching of health care and the prevention of illness to the patient and his family; or
 (b) Assessment, nursing diagnosis, nursing care, and counsel of persons who are ill, injured or experiencing alterations in normal health processes; or
 (c) The administration of medications and treatments as prescribed by a person licensed in this state to prescribe such medications and treatments; or
 (d) The coordination and assistance in the delivery of a plan of health care with all members of the health team; or
 (e) The teaching and supervision of other persons in the performance of any of the foregoing. [Emphasis in original; revisor's note omitted.]
Initially, we are assuming that the certified medication technicians will be performing the acts in question in exchange for compensation. With that assumption in mind, we conclude that the acts described in the rules as acts which may be performed by a certified medication technician fall within the scope of practical or professional nursing. For example, observing a patient for signs of reaction to medication would fall within "selected acts for the promotion of health and in the care of persons who are ill, injured, or experiencing alterations in normal health processes." Section 335.016(7), RSMo 1978. Such observation also appears to fall within "[a]ssessment, nursing diagnosis, nursing care, and counsel of persons who are ill, injured or experiencing alterations in normal health processes." Section335.016(8)(b), RSMo 1978. See Sermchief v. Gonzales, 660 S.W.2d 683
(Mo. banc 1983).
Having concluded that the acts which may be performed by a certified medication technician under 13 CSR 40-81.126 include acts within the scope of practical or professional nursing, as defined in Section 335.016(7) and (8), RSMo 1978, the next issue is whether or not a certified medication technician is exempt from Section 335.076.3, RSMo 1978,[1] by virtue of Section335.081(2), RSMo Supp. 1983, which states:
 So long as the person involved does not represent or hold himself out as a nurse licensed to practice in this state, no provision of sections 335.011 to 335.096 shall be construed as prohibiting:
* * *
 (2) The services rendered by technicians, nurses' aids or their equivalent trained and employed in public or private hospitals and licensed long-term care facilities except the services rendered in licensed long-term care facilities shall be limited to administering medication, excluding injectables other than insulin;
This exemption clearly covers certain acts of technicians performed in certain types of health care facilities. The type of facility in which the technician will perform the acts in question determines whether or not the acts of the technician will be exempt. In your question you have specified only that the care will be provided in an Adult Day Health Care Program.13 CSR 40-81.126(1)(G) defines the term "Free-Standing Adult Day Health Care Program" as:
 A program of adult day health care services which does not share staffing or licensed space or any physical components of space, equipment, furnishings, dietary, security, maintenance or utilities utilized in the provision of service with any hospital, licensed intermediate care facility or skilled nursing facility.
13 CSR 40-81.126(1)(H) defines the term — "Associated Adult Day Health Care Program" as:
 An adult day health care program which is connected physically with a licensed long-term care facility or hospital but has separate designated space for an adult day health care program which is above their licensed space requirement for their residents. An associated adult day health care program may share in part, staff, equipment, utilities, dietary and security with the connected long-term care facility. Recipients in the adult day health care program may participate with the residents of the long term care facility or hospital for some activities and programs.
The conclusion which we reach from these definitions is that a certified medication technician who provides care in an Adult Day Health Care Program, may be providing care in a hospital, in a licensed long term care facility, or in some other type of facility which is neither a hospital nor a licensed long-term care facility. Section 335.081(2), RSMo Supp. 1983, only provides an exemption for certain services of technicians which are performed in hospitals or licensed long-term care facilities. Therefore, it is a violation of the Nursing Practice Act for a certified medication technician to provide nursing care in an Adult Day Health Care Program which is a Free-Standing Adult Day Health Care Program.
If the Adult Day Health Care Program in which the certified medication technician is providing care is in a public or private hospital, the services provided by the certified medication technician are exempt from the Nursing Practice Act. Therefore, as long as the certified medication technician does not hold himself out as a nurse licensed to practice in Missouri, see
Section 335.081, RSMo Supp. 1983, the certified medication technician will not be in violation of the Nursing Practice Act by providing nursing care in an Adult Day Health Care Program in a hospital.
If the Adult Day Health Care Program is in a licensed long-term care facility, only certain types of services are exempt under the Nursing Practice Act. In a licensed long-term care facility, the only nursing care which may be provided by a certified medication technician without violating the Nursing Practice Act is the administration of noninjectable medication and the administration of insulin. Generally, this restriction conforms to 13 CSR 40-81.126(3)(H)12. B, quoted supra. No other forms of nursing care may be provided by the certified medication technician in the Adult Day health Care Program in a licensed long-term care facility without violating the Nursing Practice Act.
CONCLUSION
It is the opinion of this office that no violation of the Nursing Practice Act occurs when a certified medication technician, who does not hold himself out as a nurse licensed to practice in Missouri, provides care in an Adult Day Health Care Program that is also as Associated Adult Day Health Care Program, so long as the care associated with a licensed long-term care facility is restricted to the administration of medication, excluding injectables other than insulin.
Very truly yours,
 JOHN ASHCROFT Attorney General
[1] Section 335.076.3, RSMo 1978, states in part:
 No person shall practice or offer to practice professional nursing or practical nursing in this state for compensation . . . unless he has been duly licensed under the provisions of sections 335.011 to 335.096.